UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| MAYNARD, COOPER & GALE, P.C., JON D. LEVIN, and J. ANDREW WATSON, III, | } } } } | |
| Plaintiffs, | } } | Civil Action Number **5:18-cv-01783-AKK** |
| v. | } } | |
| AAL GROUP, LTD. and AAL USA, INC., | } } } | |
| Defendants. | } | |

## MEMORANDUM OPINION

Maynard, Cooper & Gale, P.C., and two lawyers from the law firm, Jon D. Levin, and J. Andrew Watson, III, all of whom are citizens of Alabama, filed this action in Alabama state court against AAL Group, Ltd., a foreign corporation, and AAL USA, Inc., a company whose principal place of business is in Alabama, asserting declaratory judgment, interpleader, and indemnity claims. Doc. 1-2. Plaintiffs allege they face liability arising out of their representation of AAL USA in connection with an Asset Purchase Agreement ("APA"), pursuant to which AAL USA agreed to sell its assets to Black Hall Aerospace, Inc. *Id.* at 30. Both Defendants have sued the Plaintiffs separately to recover damages related to obligations AAL USA owes AAL Group that predate the APA, and which AAL USA is apparently

unable to pay because of the APA. To perhaps obtain some guidance on the competing obligations against it by the AAL USA and AAL Group, Plaintiffs filed this lawsuit in the Circuit Court of Madison County. Although the presence of AAL USA destroys the complete diversity necessary for jurisdiction in this court, AAL Group removed the case to this court on a theory that Plaintiffs fraudulently joined AAL USA to destroy diversity jurisdiction. Doc. 1 at 5. This action is before the court on Plaintiffs' motion to remand, doc. 10, which is due to be granted in light of AAL Group's failure to establish that no possibility exists that Plaintiffs could establish a cause of action against AAL USA, or that the claims against AAL Group have no real connection to the claims against AAL USA.

## I.     STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction, with the power to hear only cases authorized by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). By federal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A party seeking removal bears the burden of establishing that jurisdictional requirements are met. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1207 (11th Cir. 2007). "[F]ederal courts are directed to construe

unable to pay because of the APA. To perhaps obtain some guidance on the competing obligations against it by the AAL USA and AAL Group, Plaintiffs filed this lawsuit in the Circuit Court of Madison County. Although the presence of AAL USA destroys the complete diversity necessary for jurisdiction in this court, AAL Group removed the case to this court on a theory that Plaintiffs fraudulently joined AAL USA to destroy diversity jurisdiction. Doc. 1 at 5. This action is before the court on Plaintiffs' motion to remand, doc. 10, which is due to be granted in light of AAL Group's failure to establish that no possibility exists that Plaintiffs could establish a cause of action against AAL USA, or that the claims against AAL Group have no real connection to the claims against AAL USA.

## I.     STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction, with the power to hear only cases authorized by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). By federal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A party seeking removal bears the burden of establishing that jurisdictional requirements are met. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1207 (11th Cir. 2007). "[F]ederal courts are directed to construe

removal statutes strictly . . . . [A]ll doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

To prove fraudulent joinder, a defendant must show by clear and convincing evidence that "there is no possibility the plaintiff can establish a cause of action against the resident defendant . . . ." *Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). Alternatively, the defendant must demonstrate that "[it was] joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and . . . the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). This burden "is a 'heavy one,'" and the court must construe the facts and "resolve any uncertainties about state substantive law in favor of the plaintiff." *Crowe*, 113 F.3d at 1538 (citations omitted). "The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005) (quotation and emphasis in original omitted).

"When considering a motion for remand [based on fraudulent joinder], federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether

3

it is an arguable one under state law. If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court *must* find that joinder was proper and remand the case to state court." *Crowe*, 113 F.3d at 1538 (quotation omitted) (emphasis added). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; [s]he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287 (emphasis in original). But, "[t]he potential for legal liability 'must be reasonable, not merely theoretical.'" *Legg*, 428 F.3d at 1325 n.5 (quotation omitted).

## II. FACTUAL AND PROCEDURAL BACKGROUND

Oleg Sirbu is the owner of AAL USA and is also the President of AAL Group. Doc. 1-2 at 32. This dispute involves in part contracts AAL USA and AAL Group entered with each other to provide aviation services to governments and prime contractors. Doc. 1-2 at 32. Relevant here, as part of an asset purchase agreement, AAL USA agreed to sell its assets to Black Hall Aerospace. *Id.* at 30. However, AAL USA refused to proceed with the transaction. *Id.* AAL USA claimed that the APA caused it to default on obligations (which the parties refer to as Receivables) it owes to AAL Group, related to AAL USA's failure to deliver equipment to AAL Group, or to pay AAL Group for maintenance, equipment, leased products, training, support, licenses, and inspections. *Id.* at 6-8.

AAL USA's refusal to proceed with the APA transaction triggered a series of lawsuits. First, Black Hall filed a lawsuit against AAL USA in state court. *Id.* at 33. AAL USA in turn also sued entities related to Black Hall and former AAL USA employees in state court (the "AAL USA/Black Hall Action"), which the defendants removed to this court, doc. 1 (2:16-cv-02090-KOB-HNJ). Finally, AAL Group sued Black Hall and other defendants in this court (the "AAL Group/Black Hall Action"), doc. 1 (2:17-cv-00399-KOB). This court consolidated the AAL USA/Black Hall Action and the AAL Group/Black Hall Action. Doc. 53 (2:17-cv-00399-KOB); Doc. 144 (2:16-cv-02090-KOB-HNJ). Black Hall subsequently moved to dismiss the consolidated actions. Doc. 170 (2:17-cv-00399-KOB). In partially granting the motion, Judge Karon Bowdre held that AAL USA assigned to Black Hall only those liabilities that AAL USA incurred after it executed the APA, and that Black Hall was not liable to AAL Group for AAL USA's liabilities that pre-dated the APA. Doc. 169 at 13 (2:17-cv-00399-KOB). In other words, the court ruled that Black Hall had no liability for the Receivables AAL USA owed AAL Group. Thereafter, the parties settled the consolidated action. Doc. 245 (2:17-cv-00399-KOB).

Relevant to this specific case now before this court, AAL USA and Sirbu filed a lawsuit in the Circuit Court of Jefferson County, Alabama, captioned *AAL USA, Inc., et al. v. Maynard, Cooper & Gale, P.C.*, 01-CV-2017-905393.00, against Maynard, asserting claims related to Maynard's representation of AAL USA in the

APA transaction for alleged violations of the Alabama Legal Services Liability Act, Ala. Code § 6-5-570 *et seq.* ("ALSLA"). Doc. 1-2 at 35-36. AAL USA and Sirbu alleged that Maynard failed to disclose that AAL USA would be left with "substantial liabilities," and the APA transaction depleted AAL USA of its assets, rendering it unable to pay the Receivables it owed to AAL Group. Doc. 1-2 at 35-36. For its part, AAL Group sued Maynard in this court, captioned *AAL Group, Ltd. v. Maynard Cooper & Gale*, P.C., also under the ALSLA, doc. 1 (2:18-cv-01536-SGC), alleging, in part, that Maynard breached its duties to AAL Group by, among other things, "[f]ailing to disclose to AAL Group that the terms of the APA and Assignment would essentially divest AAL Group of the full value of the Receivables," *id.* at 19.

In response to the AAL USA and AAL Group lawsuits against Maynard, Plaintiffs filed this lawsuit in the Circuit Court of Madison County, Alabama, asserting: (1) a claim interpleading AAL USA and AAL Group to resolve their dual claims for damages over the Receivables; (2) two requests for declaratory judgments that Plaintiffs bear no liability to AAL Group regarding the APA, and that the settlement in the consolidated action before Judge Bowdre sets off Plaintiffs' liability for AAL USA's and AAL Group's claims for the Receivables; and (3) a request that AAL USA indemnify Plaintiffs for any liability to AAL Group. *Id.* at 33, 37-40. Although complete diversity of citizenship amongst the parties does not

6

exist, AAL Group removed the case to this court on a fraudulent joinder theory. Doc. 1. Presently before the court is the Plaintiffs' motion to remand, doc. 10.

**III. ANALYSIS**

The court turns now to AAL Group's contention in the Notice of Removal that Plaintiffs fraudulently joined the non-diverse defendant, AAL USA, because "[t]here is no reasonable basis in law and/or fact for believing that Plaintiffs could recover or obtain any relief from AAL USA on any of the claims . . . ." Doc. 1 at 6. For the reasons stated below, the court finds that AAL Group has failed to show that no possibility exists that the state court would find that Plaintiffs have pleaded at least one plausible cause of action against AAL USA.

**A. Whether Plaintiffs can recover on their interpleader claim against the non-diverse Defendant**

Plaintiffs seek to interplead AAL USA and AAL Group concerning their competing claims against Plaintiffs for AAL USA's liabilities to AAL Group, doc. 1-2 at 11-12, contending that "[b]oth AAL USA and AAL Group seek to recover from [P]laintiffs for the Receivables," doc. 10 at 9. Alabama Civil Procedure Rule 22 provides, "[p]ersons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability." Ala. R. Civ. P. 22(a). Under the

law in this circuit,[1] a party seeking to use interpleader bears the burden of showing the claimant is subject to adverse claims:

> In an interpleader action, the burden is on the party seeking interpleader to demonstrate that he is entitled to it. Although interpleader is available to a stakeholder even though no action has been brought against him nor any formal demand made upon him by some or all of the potential claimants, a prerequisite for the action is that the party requesting interpleader demonstrate that he has been or may be subjected to adverse claims.

*Dunbar v. U.S.*, 502 F.2d 506, 511 (5th Cir. 1974) (internal citations omitted).[2] "[A] single, identifiable fund is a prerequisite to an interpleader action." *Wausau Ins. Cos. v. Gifford*, 954 F.2d 1098, 1100-01 (5th Cir. 1992) (collecting cases). And because, "the legislative purpose broadly [is] to remedy the problems posed by multiple claimants to a single fund . . . ," *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 530 (1967), "[i]nterpleader is appropriate where the stakeholder may be subject to adverse claims that could expose it to multiple liability on the same fund," *Ohio Nat'l Life Assur. Corp. v. Langkau*, 353 Fed App'x 244, 248 (11th Cir. 2009) (citing Fed.R.Civ.P. 22(a)(1))).

---

[1] Alabama's Rule 22 is modeled after Federal Rule of Civil Procedure 22, and Alabama courts turn to sources interpreting the federal rule in analyzing the state rule. *See Childersburg Bancorporation, Inc. v. Alabama Dept. of Env. Mag't*, 893 So.2d 1142, 1147 (Ala. 2004) (Lyons, J. dissenting); *Poss v. Franklin Fed'l Sav. & Loan Ass'n of Russellville*, 455 So. 2d 9, 11 (Ala. 1984).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Here, however, Plaintiffs do not identify a fund holding the money for the Receivables. Rather, as AAL Group points out, the interpleader claim requests the court to determine Plaintiffs' liability to AAL USA or AAL Group, instead of examining ownership over a fund. Doc. 1 at 8-9. Plaintiffs do not address this contention in their motion or whether the interpleader claim is appropriate in the absence of an identified fund. Also, Plaintiffs do not cite authority for the proposition that claims for the unpaid Receivables are similar to claims asserted against a monetary fund. *See* doc. 10 at 7-11. Moreover, all the interpleader cases Plaintiffs cite deal with a fund of money,[3] and their remaining arguments related to the interpleader claim also rely on cases addressing interpleader in connection with a fund, *see* docs. 10 at 7-11; 19 at 1-7, or reference a treatise which specifically refers to a "fund," *see* doc. 10 at 11 (citing Ally W. Howell, *Nature and purpose of interpleader*, Tilley's Alabama Equity § 26.2 (5th ed.)). Because Plaintiffs make no

---

[3] *See State Farm*, 386 U.S. at 525-28 (claimants sought damages from an insured driver for injuries arising out of auto accident that exceeded the monetary value of insurance company's policy cap); *Island Title Corp. v. Bundy*, 488 F. Supp. 2d 1084, 1087-88 (D. Haw. 2007) (defendants had all made claims against an escrow fund of excess sale proceeds from a foreclosure sale); *Fresh Am. Corp. v. Wal-Mart Stores, Inc.*, 393 F. Supp. 2d 411, 414-15 (N.D. Tex. 2005) (holding that the money the defendant produce buyer deposited into the court's registry amounting to the sum withheld from payment to produce seller constituted a single identifiable fund); *Ex parte Chatham*, 109 So. 3d 662, 664-65 (Ala. Civ. App. 2012) (finding that neither the plaintiff nor the defendant risked exposure to multiple liability and vacating trial court's order requiring defendant, an inheritance beneficiary, to deposit the amount of inheritance into the court); *Dick v. First Nat'l Bank of Birmingham*, 334 So. 2d 922, (Ala. Civ. App. 1976) (affirming trial court's order granting bank's motion to interplead defendants who claimed proceeds of a joint checking account that the bank deposited with the court).

reference to a fund in this case, the cited authority is distinguishable. Consequently, based on these pleadings which do not identify the prerequisite existence of a single fund, AAL Group has shown that no Alabama court could find the complaint sufficient to state a viable interpleader claim. *See Wausau*, 954 F.2d at 1100-01.

## B. Declaratory Judgment

AAL Group also challenges Plaintiffs' declaratory judgment claim on multiple grounds. However, they failed to brief two of their arguments,[4] and the court will address instead only the two arguments AAL Group briefed.

### 1. Whether Maynard's non-party status to the settlement agreement affects the viability of the declaratory judgment claim

A declaratory judgment is designed "to settle and to afford relief from uncertainty and insecurity with respects to rights, status, and other legal relations . . . ." Ala. Code. § 6-6-221 (1975). "The test for the sufficiency of a complaint seeking a declaratory judgment is whether the pleader is entitled to a declaration of rights at all . . . ." *Harper v. Brown, Stagner, Richardson, Inc.*, 873

---

[4] In the Notice of Removal, AAL Group contends also that: (1) in the AAL USA State Case Maynard asserted an affirmative defense of setoff, and thus chose that state court as the forum "within which it seeks a determination of this issue"; and (2) "Maynard's failure to assert a counterclaim in the [AAL USA State Case] is dispositive of their claim against AAL USA in the instant case for Declaratory Judgment seeking the same relief that should have been asserted as a compulsory counterclaim in the [AAL USA State Case]." Doc. 1 at 11. AAL Group does not address either argument in its opposition brief, *see* doc. 16 at 21, and, thus has abandoned these arguments. *See Mosley v. Alabama Unified Judicial Sys.*, 562 Fed. App'x 862, 866 (11th Cir. 2014) (holding that district court correctly found that plaintiff abandoned grounds to support a claim by failing to address them in the opposition brief).

So. 2d 220, 223 (Ala. 2003) (citing *Anonymous v. Anonymous*, 472 So. 2d 640, 641 (Ala. Civ. App. 1984)). "For a declaratory-judgment action to withstand a motion to dismiss there must be a bona fide justiciable controversy that should be settled." *Id.* (citing *Anonymous*, 472 So. 2d at 641).

AAL Group contends that no bona fide controversy exists. In particular, AAL Group contends that Plaintiffs were not "parties to the settlement in the Black Hall Cases and, therefore, none of the Plaintiffs have any basis for their request for a declaratory judgment." Doc. 1 at 11. Plaintiffs argue in response, based on *Williams v. Colquett*, that Alabama recognizes "a party's right to setoff . . . from a settlement payment by another allegedly liable party . . . to thwart collusive . . . agreements . . . ." Doc. 10 at 13-14 (citing *Williams v. Colquett*, 272 Ala. 577 (Ala. 1961)).[5] Based on the holding in *Colquett* that "while a party is entitled to full compensation for his injuries there can be only one satisfaction therefor," Plaintiffs contend that they have a right to a setoff from the settlement between AAL USA,

---

[5] In *Williams v. Colquett*, the Supreme Court of Alabama affirmed an order which had the effect of restraining the plaintiff appellant from collecting a monetary judgment against appellees. 272 Ala. 577, 579 (Ala. 1961). Appellant had filed suit against a group of joint tortfeasors for injuries arising out of an automobile accident. *Id.* at 580. In response to interrogatories posed by some of the defendants, appellant denied that he had reached a settlement agreement with one of the defendants. *Id.* But in fact, the appellant subsequently colluded with that defendant to fix liability against the other defendants. *Id.* at 581-82. The appellant and the colluding defendant agreed: initially to set aside a judgment against the colluding defendant (and his insurer); then appellant would collect a judgment against the other defendants; and finally the appellant and colluding defendant would consummate their settlement. *Id.* The *Williams* Court described the agreement as "collusive" and held that, "while a party is entitled to full compensation for his injuries there can be only one satisfaction therefor." *Id.* at 582.

AAL Group and Black Hall. Doc. 10 at 13. AAL Group characterizes Plaintiffs' argument as requesting a setoff because the "Black Hall Settlement was a 'collusive or wrongful agreement . . .'" and argues that Plaintiffs failed to plead collusion. Doc. 16 at 21. But, *Williams* does not restrict a defendant from recovering a setoff against a joint tortfeasor only to situations involving collusion. Moreover, AAL Group does not cite authorities that support its argument, or show that it is impossibile for Plaintiffs to establish a declaratory judgment action based on a purported right to a setoff because of an existing settlement. Based on the pleadings and the relevant Alabama case law, a state court could possibly find that Plaintiffs are entitled to a determination, via a declaratory judgment, whether AAL USA has received compensation for the alleged injuries they claim Plaintiffs caused. Therefore, the Plaintiffs have pleaded an arguable claim against AAL USA under Alabama law.

**2. Whether the fact that AAL Group has not received any settlement proceeds from AAL USA affects the viability of the declaratory judgment claim**

AAL Group asserts that the declaratory judgment action fails also because "[it] has not received any proceeds from the settlement of the [consolidated federal cases] and, therefore, there is no basis under which [Plaintiffs] would be entitled to any setoff . . . ." Doc. 1 at 13. To support this contention, Anton Radchenko, AAL Group's General Counsel, testified that AAL USA and Sirbu, rather than AAL Group, received the settlement proceeds from the consolidated action before Judge

Bowdre, and that AAL USA has not used those funds to satisfy the Receivables. Doc. 16 at 34. Plaintiffs citing *Ex parte Barnett*, note, however, that in Alabama a joint tortfeaser is entitled to a setoff from a settlement paid by another liable party, and that AAL USA's failure to pay AAL Group from the settlement proceeds "does not defeat [P]laintiffs' declaratory judgment action against [AAL USA]; rather, it underscores the risk of double liability . . ." Plaintiffs face. Doc. 19 at 7. Indeed, "[t]he rule against double recoveries bars [AAL USA] from recovering more than [its] full damages when payments have been made by a tortfeasor . . . . ." *Ex parte Barnett*, 978 So. 2d 729, 732 (Ala. 2007). In that respect, the relevant issue is whether AAL USA has already recovered for those liabilities, rather than whether AAL USA applied the proceeds towards the Receivables.

AAL Group also contends that Plaintiffs' claims against AAL Group and AAL USA are "independent and separate" and that "whether [Plaintiffs] are entitled to a setoff as to AAL USA has absolutely no relevance to the issue of whether [Plaintiffs] are separately entitled to a setoff as to [AAL] Group and vice versa." Doc. 1 at 13; *see also* doc. 16 at 24. While this contention is consistent with the general burden of proof,[6] AAL Group cites no authority to support this conclusory argument as to these specific facts, *see* doc. 13 at 15, or to show that the declaratory

---

[6] Generally to prevail on a fraudulent joinder theory, a diverse defendant must demonstrate that "the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *See Triggs*, 154 F.3d at 1287.

13

judgment claim is not viable, *see* doc. 22 at 35. And, AAL Group overlooks that the declaratory judgment claim raises issues that implicate both AAL Group and AAL USA, i.e. whether the settlement proceeds should or could have been applied to the Receivables. In that respect, because Defendants may not obtain a double recovery for their injury related to the Receivables, a determination in this action that the settlement proceeds sets off the Plaintiffs' liability would affect the recovery of the Receivables by either Defendant.

Ultimately, AAL Group has failed to show that Plaintiffs' declaratory judgment claim against AAL USA has no real connection to the claim against AAL Group. Whether Plaintiffs ultimately prevail on this or any of their claims is a matter for the state court to decide. This court is tasked at this juncture solely with ascertaining whether Plaintiffs have pleaded an arguable claim under Alabama law. Therefore, because AAL Group has not shown that Plaintiffs could not possibly establish a declaratory judgment claim, or that Plaintiffs' declaratory judgment claim against AAL USA has no real connection to the claims against AAL Group, AAL Group has failed to establish that Plaintiffs fraudulently joined the non-diverse defendant, AAL USA.[7]

---

[7] In light of this finding, the court does not have to reach AAL Group's indemnity claim arguments. But even if it were to consider these arguments, contrary to AAL Group's contention, "an indemnification claim is ripe for consideration even if the indemnitee has not yet been held liable for a claim that the indemnitor might be required to pay." *FMR Corp. v. Howard*, 227 So. 3d 444, 451 (Ala. 2017) (Shaw, J. concurring). Moreover, Plaintiffs' claims arise out of the same transaction — the representation of AAL USA with regards to the APA. Plaintiffs' complaint

## IV. CONCLUSION

AAL Group has failed to satisfy its burden of showing that there is no possibility that Plaintiffs could establish a declaratory judgment or indemnity claim against AAL USA, or that these claims against AAL USA have no real connection the claims against AAL Group. Thus, AAL Group has not proved that Plaintiffs fraudulently joined AAL USA. Accordingly, Plaintiffs' motion for remand is due to be granted. The court will issue a separate order dismissing this case.

**DONE** the 23rd day of August, 2019.

*/s/ Abdul Kallon*
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

---

raises a question of law implicating both AAL USA and AAL Group — i.e. whether Plaintiffs bear any liability to AAL Group in connection with AAL USA's inability to pay its debts to AAL Group, and a common question of fact — i.e. the amount of AAL USA's liabilities. Therefore, AAL Group has not established that Plaintiffs improperly joined AAL USA.